## City of Waterloo v. Frederick Heely.

1. CITIES AND VILLAGES—*Can Not Require Licenses from Persons Taking Orders.*—An employe of a firm who solicits and takes orders for the sale of coffee, tea and spices to be delivered on a future day, to householders within a neighboring city for their own consumption,

such orders being taken and the goods afterward delivered and paid for within the limits of the city, is neither an itinerant merchant nor a transient vender of merchandise, and can not be required to take a license from the city as such.

**Suit for Violation of an Ordinance.**—Trial in the Circuit Court of Monroe County; the Hon. MARTIN W. SCHAEFFER, Judge, presiding. Finding and judgment for defendant; appeal by plaintiff. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

WEBB & WEBB, attorneys for appellee.

The only question for consideration is, whether appellee, in the pursuit of his business calling, soliciting orders of merchandise on future delivery, as shown by the admitted facts in this case, is embraced in the class of persons designated in the above section as itinerant merchants and transient venders of merchandise. In Twining v. City of Elgin, 38 Ill. App. 356, the court says:

"Indeed the term 'peddler,' 'transient vender of merchandise and itinerant merchant' means and implies persons who sell and deliver goods, wares or merchandise, or who barter or exchange on delivery thereof other commodities therefor. We understand that the terms 'itinerant merchant' and 'transient vender of merchandise,' as used in the act of June 16, 1887, Laws 1887, page 117, mean and were intended to apply to those persons who for a short space of time locate in a city and make sale and delivery of their goods, as other merchants do, or those who carry or transport their goods from house to house, or place to place, and make sale and delivery of their goods in like manner as other merchants and salesmen do.

"If we are correct in the foregoing premises, it must follow that appellant was not at the time of the act complained of pursuing the vocation of 'peddler,' 'itinerant merchant' and 'transient vender of merchandise,' making sale and delivery of goods contemplated and within the meaning of the statute above cited, but was pursuing the vocation of a 'drummer,' that is, one who solicits trade from retail dealers or others by sample, or one whose business it is to canvass and take orders for future delivery." Village of Cerro Gordo v. Rawlings, 135 Ill. 36; Rawlings v. Village of Cerro Gordo, 32 Ill. App. 216.

The city derives its power from the statute and is power-

less to enact an ordinance exceeding the authority conferred thereby. " Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation and the power is denied." 1 Dillon on Municipal Corporations, Sections 55 and 251; Mays v. Cincinnati, 1 O. St. 268.

The business aimed at by the ordinance here in question can not be termed that of "itinerant merchant " or " transient vender of merchandise," and that the city of Waterloo has no power to enact an ordinance defining what particular kind of trade or business shall constitute an itinerant merchant and transient vender of merchandise, so as to include persons or principles not clearly within the terms of the act granting such power. Twining v. City of Elgin, 38 Ill. App. 356.

Jos. W. RICKERT, attorney for appellant (with him F. M. GAUEN, city attorney,) contended that the appellant was a vender of merchandise while he was engaged in selling, taking orders, consummating the sale by a delivery of the article sold and receiving payment for same, *i. e.*, selling and delivering in retail, coffee, tea, sugar, spices, etc., from a wagon within the corporate limits of appellant, not by sample as agent for his principal, but as a retailer to householders, within said limits for their own consumption. Therefore he is a vender of such merchandise. Rex v. McKnight, 10 B. & C. (Eng.) 734; Rex v. McGill, 2 B. & C. (Eng.) 377.

Courts are not confined to the literal meaning of the words in the statute, but the intention may be collected from the necessity or objects of the act and its words may be enlarged or restricted according to its true intent. Castner et al. v. Walrod, 83 Ill. 171; Cruse v. Aden, Adm'r, 127 Ill. 231.

The State imparts to its creature, the municipality, the power necessary to the performance of its functions and to the protection of its citizens in their persons and property. The police power is one of these. Sayre Borough v. Phillips, 148 Pa. St. 482; Shamokin Borough v. Flannigan, 156 Pa. St. 43.

MR. JUSTICE BIGELOW delivered the opinion of the court. The facts in this case are stipulated.

Appellee was an employe of the firm of McCullough & Reincke, merchants permanently located at and doing business in the city of Belleville, in this State, dealing in tea, coffee, spices and other articles of merchandise, and as such employe appellee solicited and took orders for the sale of coffee, tea and spices, to be delivered on a future day, to several persons, householders within the city of Waterloo, for their own consumption, the orders being taken, and the goods afterward and on a certain future day delivered by and paid for to appellee, within the limits of the city, without a license from the city. For these acts appellee was arrested on a charge of violating an ordinance of the city, and after a trial before a police magistrate, was found guilty, and fined $2 and costs. From this judgment he appealed to the Circuit Court of Monroe County, where, on a trial before the court, he was found not guilty, and from this judgment the city has appealed to this court, and assigns the judgment as error.

The section of the ordinance claimed to have been violated is as follows:

" Sec. 2.    That all itinerant merchants and transient venders of merchandise, who shall be paid for any orders solicited and taken within this city, of any goods, wares or merchandise, or any article of value, which are to be delivered on a future day, or who shall by any device or circumvention be paid for any such goods, wares or merchandise, or other articles of value, thus sold on future delivery, or who shall sell or offer for sale, barter or exchange, any such goods, wares or merchandise, or other articles of value, by going from house to house, or upon or along the public streets, avenues, alleys and public grounds, within the city, shall in all such cases, secure and pay for a license from said city, so to do, a sum of three dollars for each day any such person shall pursue such business calling within this city, or a sum of twenty-five dollars, for the right to pursue said business calling, for one year, within this city; and all such itinerant merchants and transient venders of merchandise, who shall be paid for any orders solicited and taken within this city, of any goods, wares or merchandise, or

any article of value, which are to be delivered on a future day, or who shall by any device, circumvention or- make-shift, be paid for any such goods, wares or merchandise, or other article of value, thus sold and delivered on a future day, or who shall sell or offer for sale, barter or exchange, any such goods, wares or merchandise, or other articles of value, by going from house to house, or upon and along the public streets, avenues, alleys or public grounds within this city, shall in all such cases, without first having secured from said city a license so to do, be subject to a fine of not less than three dollars nor more than two hundred dollars, for each offense."

The ordinance was evidently intended by its makers to be based upon the power given to the city, under an act of legislature in force July 1, 1887, which reads as follows:

"That the city council in cities, and the president and board of trustees in villages and incorporated towns, shall have the power to license, tax, regulate, suppress or pro-hibit itinerant merchants and transient venders of merchan-dise." (See Hurd's R. S. of 1897, 272.)

It is further evident that the makers of the ordinance intended it should embrace cases like this, and we are asked to give the law a liberal construction, if necessary, to make it potential to sustain the intent of the makers of the ordi-nance.

It is our duty to construe the law as we find it, and not enlarge or add to it by construction, so as to make it embrace anything not clearly stated in it, leaving the defects, if any there are, to the legislature, which is the only legitimate law-making power.

The attempt of the city council to enlarge its powers by and through the ordinance must be held to be futile; and the ordinance must be construed as a law of the city, requiring "itinerant merchants and transient venders of merchandise" to obtain a license from the city before they can be permitted to follow their vocation within the limits of the city.

The only question for us to determine is, was appellee an itinerant merchant and transient vender of merchandise, within the meaning of the law, or if the word "and" after

City of Waterloo v. Heely.

the word " merchants " is to be construed disjunctively, was he either an "itinerant merchant" or "a transient vender of merchandise."

So far as we are advised, the first adjudged case that attempted to define the terms "itinerant merchant" and "transient vender of merchandise" is Twining v. City of Elgin, 38 Ill. App. 356, in which the court said: "We understand that the terms * * * as used in the act last above referred to, mean and were intended to apply to those persons who, for a short space of time, *locate* in a city and make *sale* and *delivery* of their goods as other merchants do, or those who carry or transport their goods from house to house or place to place and make *sale* and *delivery* of their goods in like manner as other merchants or salesmen do."

In the case of The City of Carrolton v. Bazzette, 159 Ill. 284, the court, referring to the business Bazzette had been engaged in, said: "He opened a store, stocked it with various articles of merchandise and sold as other merchants do, and the only difference, aside from selling sometimes at auction, was that his business was not permanent in the particular city or village in which for the time it was carried on. It was not intended to be permanent; it was intended to be, and was, transitory. He took his stock of goods from city to city, sold his goods and transacted business as a merchant for a few weeks only in each place, and we can not conceive of a more appropriate designation, as applied to his case, than that of 'itinerant merchant.' "

Assuming the construction given the terms of the law adverted to be correct, do appellee's acts bring him within its provisions? It would seem that the nature and character of the business of his employers would necessarily stamp itself upon him and control and fix the character of the business he did, for though, while soliciting orders and delivering goods sold he was away from the store and place of business of his employers, he was no less a clerk for them than he would have been had he sold and delivered the goods and received pay for them at the store.

He was, in our opinion, no more an itinerant merchant, or transient vender of merchandise, in what he did, than he would have been had he sat quietly in the store of his employers in Belleville and talked with his customers in Waterloo through the telephone and sent the goods to the purchasers by delivery wagon with the bills for them to be collected on delivery of the goods.

It is unnecessary to inquire whether any of the acts appellee did made him amenable to the provisions of the ordinance until we first determine that the city council had the power, under the law, to require him to take out a license to do the acts; and since we hold that appellee was neither an itinerant merchant nor a transient vender of merchandise, it follows that the judgment of the Circuit Court was right, and hence it is affirmed.