[No. 6233.]

## EATON v. THE PEOPLE.

**Licenses—Resident Merchants—**The Itinerant Vendors' Act (Laws 1905, 274) does not affect a merchant permanently residing in this state and carrying on business in this state, but who sells his merchandise through traveling salesmen. Neither the merchant nor his salesman is required to pay a license fee.

*Error to Chaffee County Court*—Hon. JOSEPH NEWITT. Judge.

Mr. C. F. CLAY, for plaintiff in error.

No appearance for defendant in error.

Plaintiff in error was convicted and fined for violating the ''Itinerant Vendors' Act,'' Session Laws 1905, p. 274. Sec. 1. of the act is as follows:

''The term 'Itinerant Vendor,' for the purposes of this act, shall mean and include any person, either principal or agent, who engages in either a temporary or transient business in this state, either in one locality or in traveling about the country, or from place to place, selling manufactured goods, wares or merchandise, and it shall include peddlers and hawkers, and also those who, for the purpose of carrying on their temporary or transient business, hire, lease, or occupy a building, structure, tent, car, boat, vehicle, store-room, or place of any kind for the exhibition and sale of any manufactured goods, wares or merchandise.''

The Co-Operative Mercantile Company is a corporation maintaining a permanent place of business in the city of Denver, where it pays taxes on its stock of merchandise, and is engaged in selling groceries and provisions. Plaintiff in error was employed by this concern to solicit orders from consumers for articles which it was engaged in selling. These

orders were taken by him and forwarded to his principal to be filled. If accepted, the company shipped the articles purchased to the customer direct from its establishment in Denver. Sometimes plaintiff in error collected for the purchase; at other times the customer remitted direct to the house in Denver. In the manner indicated he sold to several customers in Chaffee county who bought for their own consumption groceries, meat, potatoes, sugar, coffee, tea and rice, and other like commodities, without having secured the license which the act under consideration requires.

Mr. JUSTICE GABBERT delivered the opinion of the court:

A peddler is defined as "one who travels about retailing small wares."—(Webster.) According to the same authority, a hawker is "one who sells wares by crying them in the street."

Conceding, but not deciding, that peddlers and hawkers, as defined by the lexicographers, must secure a license, the question presented is, does the statute embrace one employed by a resident mercantile house to solicit orders for merchandise? We think not. The itinerant vendor defined by the statute, so far as necessary to determine, only includes those engaged in a temporary or transient business in the sale of merchandise in Colorado. The company by which plaintiff in error was employed was not engaged in carrying on either a temporary or transient business in this state. On the contrary, it was a corporation organized under the laws of Colorado with a permanent place of business in Denver, where it carried and kept on hand a large stock. Its employee was not traveling about selling small wares, neither was he engaged in trying to sell merchandise by crying on the street; so that he was neither ped-

dler nor hawker, but represented a permanent, resident mercantile establishment. As the statute only embraces those engaged in temporary or transient business in the state, it necessarily excepts from its operation those maintaining a permanent place of business in the state who dispose of their merchandise through agents soliciting and securing orders therefor. Such, in effect, is our decision in *Smith v. Farr, post,* 364.

It is a matter of common knowledge that retail grocers employ persons to call upon customers residing in the city in which their establishments are located and solicit orders. It certainly was not intended by the legislature to inhibit the sale of groceries and provisions in this way, and yet if the statute is applicable to the plaintiff in error it would have this effect. If retail grocers may carry on business in the manner indicated in the city in which they are located, there is no reason why they may not extend their operations by employing persons to solicit orders in other cities or counties in the state. —*State v. Wells,* 69 N. H. 424. Clearly, the company had the right without license to sell to consumers coming to its place of business to purchase, or who ordered goods by mail, without regard to their place of residence. Having this right, it had the further one to employ an agent to make such sales by soliciting orders from residents of Chaffee county without paying a license fee for the exercise of that privilege. Otherwise, the value of its right to sell would be greatly depreciated.—*Schollenberger v. Pennsylvania,* 171 U. S. 1. Plaintiff in error, in transacting the business he did, was as much the clerk of his employer as if he had sold goods to the same persons at its store in Denver, or from that point had solicited and secured their orders through telephone to their respective residences in Chaffee

county. The evident purpose and effect of the act, so far as involved in this case, was to protect resident merchants maintaining a permanent place of business in this state from the competition of those engaged in interstate commerce who had no permanent place of business in Colorado.—*Smith v. Farr, supra.* Hence, the former are exempted from its operation.

We conclude from the facts that the act does not embrace the business in which plaintiff in error was engaged.—*Wausau v. Heideman,* 119 Wis. 244; *City of Waterloo v. Heely,* 81 Ill. App. 310; *State v. Wells, supra.*

The judgment of the county court is reversed and the cause remanded, with directions to discharge plaintiff in error.          *Reversed and remanded.*

Decision *en banc.*