18 So.2d 685

**SPURLOCK v. J. T. KNIGHT & SON, Inc.**

4 Div. 318.

Supreme Court of Alabama.

May 25, 1944.

Rehearing Granted June 22, 1944.

John C. Walters, of Troy, for appellant.

John H. Wilkerson, of Troy, and Steiner, Crum & Weil, of Montgomery, for appellee.

LIVINGSTON, Justice.

On a former appeal in this cause, we held that the defendant was not due the general charge on the issues raised by its pleas in abatement to the complaint, and reversed and remanded the case in order that the jury might pass on the questions of fact thus presented. Spurlock v. J. T. Knight & Son, 244 Ala. 364, 13 So.2d 396.

After the remand, the trial, from which this appeal was taken, resulted in a verdict for the defendant on its pleas in abatement.

The cause was submitted here on the merits, and on appellee's (defendant in the court below) motion to strike from the transcript or record in said cause the paper, document or statement purporting to be a transcription by the court reporter of his stenographic notes of the testimony and proceedings in the trial of said cause. Appellee's motion to strike is based upon the following grounds:

"1. The Act of the Legislature purporting to abolish bills of exception and providing for the evidence to be transcribed and made a part of the record, etc., approved July 12, 1943, and appearing in General Acts of Alabama 1943, at page 423 [Code 1940, Tit. 7, § 827(1) et seq.] is unconstitutional and void.

"2. The Act of the Legislature hereinabove referred to is violative of Article IV, section 45 of the Constitution of Alabama of 1901 providing that 'Each law shall contain but one subject, which shall be clearly expressed in its title' except general appropriation bills, etc.

"3. For that the title to the Act of the Legislature hereinabove mentioned does not clearly express or give any fair notice of substantive and material matter embraced in the body of said Act.

"4. Said Act is invalid in that it is too vague, indefinite and uncertain, and does not sufficiently provide for the presentation to the appellate court of material matters and things occurring on the trial of causes in the court below, in lieu of, and as usually presented by a bill of exceptions.

"5. Said Act of the Legislature was not legally and constitutionally enacted by the Legislature, in that the bill was not referred to and reported by appropriate committees.

"6. If said Act is held to be, or is treated as, valid, appellant has nevertheless wholly failed to comply with the provisions of section 4 thereof, requiring such transcript of the evidence to be approved by the trial judge.

"7. Said transcript of the evidence so prepared by the court reporter, and incorporated in the transcript filed in this Court, has not been approved, or in any wise authenticated by the trial judge, as required by said section 4 of said Act."

Appellee's counsel do not, in their brief, attempt to maintain ground 5 of the motion to strike.

In pertinent part, Article IV, section 45 of the Constitution of Alabama of 1901, provides: "Each law shall contain but one subject, which shall be clearly expressed in its title," except general appropriation bills, etc.

The title to the Act of the Legislature of 1943, page 423, reads as follows:

"To abolish bills of exception in the circuit court and courts of like jurisdiction and all other courts of Record having a full time Court Reporter and from which appeals lie directly to the Court of Appeals or the Supreme Court of Alabama in cases at law, and to provide for the evidence to be transcribed and made a part of the record and for assignments of error on the record."

Appellee insists that section 4½ of the Act in question, Code 1940, Tit. 7, § 827(5), carries quite material provisions, defining as court reporter any person received and accepted by the court during the trial of the case, as such, and subjecting him to discipline on the part of the court, and to a fine or penalty, not exceeding $500.00, to be fixed by the trial judge and paid to the party aggrieved: that other sections of the Act provide that motions for new trials shall be a part of the record, with the rulings thereon, and that error may be assigned on the record as to such rulings: for permitting the parties to agree upon a succinct statement of the evidence in lieu of a transcription thereof: for the taxation of costs, and the advance payment of the reporter's fees: as to all of which, no sufficient notice is given in the title, and that the title is not a fair and informative statement of the contents of the bill.

Concerning the purpose or object of section 45 of the Constitution of Alabama of 1901, this Court has said:

"In the construction of this and similar constitutional provisions, prescribing rules of legislative procedure, the observance of which is essential to the validity of legisla-

tive enactments, the courts have kept steadily in view the purpose of their adoption, and have avoided a closeness of construction tending to embarrass legislation. It has been often said in this court, repeating the words of other courts, that this clause of the constitution is intended to accomplish but one purpose, the suppression of a practice which had been too prevalent, leading at times to unfortunate, if not corrupt legislation, by which several projects or subjects, having no proper relation to each other, were combined in one bill, and the supporters of each assisted in passing all into law; or, clauses were inserted, of which the title gave no intimation; and the prevention of the deception of the legislature, and the people, by concealing under alluring titles legislation which, if its real character had been disclosed, would have been condemned." (Per Brickell, J.) Montgomery Mutual Building & Loan Ass'n v. Robinson, 69 Ala. 413, 416, 417.

"The exposition of these purposes by Judge Cooley is accepted, we believe, in all the states in which a like limitation prevails. They are—'First, to prevent "hodgepodge" or "logrolling" legislation; second, to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles give no intimation, and which might therefore be overlooked, and carelessly and unintentionally adopted; and, third, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have the opportunity of being heard thereon, by petition or otherwise, if they shall so desire.' Cooley Const. Lim., 172. No one of these purposes is of more or less importance than the other." Lindsay v. United States Savings & Loan Ass'n et al., 120 Ala. 156, 172, 173, 24 So. 171, 176, 42 L.R.A. 783.

And in the case of Ballentyne v. Wickersham, 75 Ala. 533:

"This court has committed itself in favor of the following propositions, which are in harmony with the rulings elsewhere in the best considered cases: * * * That the title of a bill may be very general, and need not specify every clause in the statute. Sufficient if they are all referable, and cognate to the subject expressed. And when the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in, and authorized by it."

But it is difficult to lay down a fixed and definite rule which will clearly mark the dividing line between what is and what is not violative of the article of our Constitution now under consideration. Lovejoy v. City of Montgomery, 180 Ala. 473, 61 So. 597. Each case must therefore necessarily rest upon its own bottom. And our adjudicated cases serve as illustrations only, helpful, but only controlling when closely analogous situations are presented. City of Birmingham et al. v. Merchants Cigar & Candy Co., 235 Ala. 204, 178 So. 220.

Our study of the Act of the Legislature of 1943, page 423, in the light of the foregoing authorities, and others, convinces us that it does not violate section 45 of the Constitution.

We pass to a consideration of the question raised by grounds 6 and 7 of appellee's motion to strike.

Obviously, of course, it was the purpose of the legislature, in passing the Act here involved, to abolish bills of exceptions in this jurisdiction, and to provide other means or procedure for review by the appellate courts. The Legislature must have had in mind the nature, office or purpose of a bill of exceptions.

A bill of exceptions is a formal statement in writing of exceptions taken by a party on the trial to a ruling, decision, charge or opinion of the trial judge, setting out the proceedings on the trial, the acts of the trial judge alleged to be erroneous, the objections and exceptions taken thereto, together with the grounds therefor, and authenticated by the trial judge according to law. At early common law the court had no power to sign bills of exceptions and make the facts therein stated a part of the record. It is statutory in origin and was originated by the statute of Westminster II (St. Edw. I, C. 31), under which the judge signing the bill was required to come into the appellate court and there confess or deny his seal to the bill, and the facts of the case necessary to the understanding of the question on which the exception was founded could be incorporated into the record so that review on writ of error needed no longer to be limited to errors appearing upon the face of the record proper. It has been said that this ancient statute has become a part of the common law of this Country, and has been the model for

practically all similar legislation here. The purpose of the bill of exceptions is to bring into the record matters transpiring at the trial which would not otherwise be a part of the record, and to present specific questions of law for review. 4 Corpus Juris Secundum, Appeal and Error, page 1298, §§ 802, 803 and 804, notes and cases cited.

Section 4 of the Act under consideration provides:

"The transcript of evidence or statement in lieu thereof shall be approved by the trial judge and filed with the Clerk within ninety days after date of trial or date of trial court's ruling on motion for new trial."

The language of section 4, supra, is plain and unambiguous, and this, coupled with the history and purpose of bills of exceptions, leaves no doubt in our mind that the transcription by the court reporter of his stenographic notes of the testimony and proceedings in the trial must be approved by the trial judge and filed with the clerk within ninety days after date of trial or date of the trial court's ruling on motion for new trial.

Appellee's motion to strike is sustained.

The only errors assigned, or considered in appellant's brief, relate to the ruling of the trial court on the introduction of evidence. Obviously there is nothing to review. The cause is due to be, and is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS, FOSTER, and STAKELY, JJ., concur.

On Rehearing.

GARDNER, Chief Justice.

██ Upon reconsideration of the case of Algernon Blair et al. v. Brownie Brunell Greene, Adm'x, Ala.Sup., 18 So.2d 688,[1] the majority of the Court concluded that a transcript of the evidence duly certified by the court reporter required no approval of the trial judge in the absence of any question as to its correctness, as provided in the concluding clause of Section 1 of the act here involved. Rehearing was consequently granted, the judgment of affirmance set aside, and the cause restored to the docket for consideration upon the merits. The instant case is controlled by the deci-

sion in the Blair case, and upon that authority a like order is entered in this cause.

Rehearing granted.

All Justices concur, except LIVINGSTON, J., who dissents.

