46 So.2d 427

### WILLIAMS v. CITY OF DADEVILLE.

5 Div. 308.

Court of Appeals of Alabama.
May 16, 1950.

Richard H. Cocke, of Alexander City, for appellant.

Sam W. Oliver, of Dadeville, for appellee.

CARR, Judge.

For convenience of reference and illustration we here set out two existing ordinances of the City of Dadeville, Alabama:

"59. Itinerant Traders, Dealers or Merchants, each person, firm, or corporation, or any agent thereof, who sells or delivers for himself or others or takes orders for drugs or patent medicines, or any articles of merchandise of any kind on the streets, or from vehicles, or who advertises, gives or displays any article of merchandise on the streets or from vehicles or from platforms, and has no established place of business in the City of Dadeville, a license of ..... $500.00."

"111. Each person, firm or corporation maintaining a place of business outside the City of Dadeville and who takes· orders or receives orders for the sale of any merchandise, commodity or products of any kind to be delivered within the City of Dadeville, and who fills such orders by delivering such merchandise, commodity or products of any kind in his or their own vehicle or any other kind of vehicle or conveyance other than in or by a common carrier within the City of Dadeville, shall be taken and deemed to be doing business in the City of Dadeville in the particular business covered by such merchandise, commodity or products for which such sale is to be made and shall pay for and take out license to transact that particular line of business and in the event no license is provided in this schedule to cover such business as they may transact, then they shall pay an annual license of ..... $25.-00."

The appellant was charged and convicted of a violation of Section 59, *supra*. The cause was tried by the court without a jury.

The evidence in the main is not in dispute.

It appears that The King Trading Company had been engaged in the furniture business for about sixteen years, and dur-

ing this time had its place of business in Alexander City, Alabama. Palmer Williams, the appellant, was a salesman for said company.

Appellant's counsel offered to make this proof:

"I offer to prove by this witness that on or about January, 1949, he applied to the City Clerk of Dadeville to take out a license to sell and deliver furniture for King Trading Company in Alexander City, and that the Clerk stated to him that she could not issue him a license which he had received for four or five years in the amount of $50, but he would have to qualify, if at all, by buying a license under Schedule 59 of Ordinance 180 in the amount of $500; that said Palmer Williams further applied in March, 1949, to the City Clerk of Dadeville to be licensed to deliver and sell furniture under Schedule 111 of Ordinance 180, but was again told that he could qualify only if he paid $500 under Schedule 59.

"I further offer to prove by the witness that he is ready, able and willing to pay any reasonable amount which might be required of him as a license to continue the business of King Trading Company in Dadeville as their agent, except the amount required of him under Schedule 59."

The evidence shows without dispute that in July 1949 the appellant went in a truck to the home of John W. Silman, a resident of Dadeville. There Silman agreed to give his old stove and $59.00 in exchange for a stove which The King Trading Company had. According to the agreement, the appellant on a subsequent day delivered the stove and made the exchange at Silman's home. The $59.00 difference in the trade was to be paid on the installment plan.

We are forced to the conclusion that the appellant did not violate Schedule Number 59 under which he was prosecuted.

Statutes imposing license taxes are strictly construed against the taxing power. State v. Dr. Pepper Bottling Co., 26 Ala. App. 125, 155 So. 92; State v. Coastal Petroleum Corp., 240 Ala. 254, 198 So. 610.

The general rule of construction applicable to license statutes is that, where the language of the statute is reasonably capable of two constructions, that most favorable to the taxpayer must be adopted. Williams, Judge v. Pugh, 24 Ala. App. 57, 129 So. 792. This rule is applied with equal force to municipal ordinances imposing license taxes. Gotlieb v. City of Birmingham, 243 Ala. 579, 11 So.2d 363.

"It is elementary that tax laws are to be interpreted liberally in favor of taxpayers, and that words defining things to be taxed may not be extended beyond their clear import. Doubts must be resolved against the government and in favor of taxpayers." Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 263, 76 L.Ed. 422.

In construing license statutes the intent of the enactors must be sought. State v. Dr. Pepper Bottling Co., supra.

A fair interpretation of Schedule Number 59, *supra*, leads to the inevitable conclusion that it is directed against itinerant traders, itinerant dealers, and itinerant merchants. The American public is familiar with the kind of businesses on which the schedule imposes a license. For a long time in this country we have had these itinerant tradesmen who have exposed their wares for sale on the streets of our cities and villages. Their manner of plying their trade is well established.

In the case of Naegle v. City of Centralia, 81 Ill.App. 334, it was held that one who acts as agent for a nonresident firm and takes orders for future delivery, the packages of coffee and spices being made up by the firm and shipped to the agent for delivery and collection, is not an itinerant merchant within an ordinance requiring a license for such business.

The facts in the case of City of Waterloo v. Heely, 81 Ill.App. 310, are similar. In response to the question of whether or not the employee had violated a city ordinance of Waterloo the court observed: "He was, in our opinion, no more an itinerant merchant, or transient vender of merchandise, in what he did, than he would have been had he sat quietly in the store of his employers in Belleville and talked with his

customers in Waterloo through the telephone and sent the goods to the purchasers by delivery wagon with the bills for them to be collected on delivery of the goods."

The Indiana Supreme Court held that the character of the business of an itinerant merchant closely resembles that of hawkers and peddlers who migrate from city to city remaining only a short time and are usually strangers in the communities where they offer their goods and make their sales. Levy v. State, 161 Ind. 251, 68 N.E. 172.

In the case of State v. Gibbs, 115 N.C. 700, 20 S.E. 172, the Supreme Court of North Carolina held that a person who solicits orders for stoves similar to a sample which he carries in his wagon is not an itinerant salesman.

In the case of State v. Bristow, 131 Iowa 664, 109 N.W. 199, the defendant was a traveling solicitor for a corporation engaged in selling tea. He took orders for goods similar to samples which he carried and delivered the orders to the corporation, and it prepared the tea for delivery and it was delivered by the defendant. The corporation kept the accounts with all customers. The court held that the accused did not violate an act which required peddlers to pay a license tax, said act defining peddlers to include all transient merchants and itinerant vendors, selling by sample, or by taking orders whether for immediate or future delivery.

In the case of Eaton v. People, 46 Colo. 361, 104 P. 407, the statute defined "itinerant vendor" to include any person who engaged in either a temporary or transient business in the state, either in one locality or in traveling about the country selling manufactured goods. The court held that the law had no application to those who maintained a permanent place of business in the state to dispose of their merchandise through agents soliciting orders therefor.

The ordinance under which the prosecution at bar was based is penal in character and its provisions are not to be extended by implication. In order to subject this appellant to the penalty of the ordinance, it must appear clearly that his acts were in violation of the letter as well as the spirit of the law.

It is a recognized canon of construction that, if a statute is uncertain of meaning and is susceptible of more than one application, the courts should look to other existing laws relating to the same subject matter, as an aid to a proper construction. This is in consonance with the familiar doctrine that each statute, if possible, should be afforded a field of operation.

A comparison of the two sections, supra, evinces a manifest intention to provide for a license schedule for two distinct classes or kinds of business operations.

It is clear that Section Number 111, supra, was enacted to cover and include a license charge on the nature of business in which the appellant was engaged according to the undisputed proof. To hold that the prosecution was properly predicated on a violation of Section Number 59, supra, would in effect leave no field of operation for Section Number 111.

It follows that the judgment below must be reversed and the cause remanded. It is so ordered.

Reversed and remanded.