93 So.2d 143

**Emmett W. TAYLOR**

v.

**N. J. JOHNSON.**

**3 Div. 759.**

Supreme Court of Alabama.

Feb. 28, 1957.

Miles S. Hall and J. O. Sentell, Jr., Montgomery, for appellant.

Robert Coburn, Jr., Montgomery, for appellee.

SIMPSON, Justice.

This appeal brings under review the constitutionality of § 260, Title 7, Code of 1940, as amended. The amending act is No. 74, General Acts of Alabama, 1953, Vol. I, p. 103.

The amendatory act, hereafter quoted, is in material respects similar to old § 260, prior to the amendment, except with the added proviso, which we will italicize, relative to ascertaining the plaintiff's damages without a jury where the defendant is in default and the plaintiff had originally demanded a jury.

Act No. 74, now codified as § 260 of the Code, 1955 Cum.Pocket Parts, pp. 64–65, provides:

"An Act

"Relating to civil remedies and procedure; amending Section 260, Title 7, Code of Alabama (1940), which provides for the trial of civil cases at law without a jury.

"*Be It Enacted by the Legislature of Alabama:*

"Section 260, Title 7, Code of Alabama (1940), is amended to read as follows: 'All civil cases at law shall be tried and determined by the court without a jury unless the plaintiff indorses in writing his demand for a trial by jury on the summons and complaint, attachment, or other process or paper filed by him for the purpose of instituting the suit, or by filing a separate written demand with the clerk of the court at the commencement of the suit, or unless the defendant or other party occupying the position of defendant shall demand in writing a trial by jury within thirty days after the perfection of service on him, or unless the claimant shall demand in writing a trial by jury at the time of the filing of his claim. *On defendant's default, the plaintiff may withdraw his demand for a jury, if any, and have his damages ascertained by the court without the intervention of a jury.* Either party to a civil cause tried by the court without the intervention of a jury may present for review the conclusions and judgment of the court on the evidence and the court of appeals or supreme court shall review the same without any presumption in favor of the court below, either on the rulings on the law or conclusions on the evidence, and if there be error, shall render such judgment in the cause as the court below should have rendered or reverse and remand the same for further proceedings in the trial court as the court of appeals or supreme court may deem right. The finding of the court on the facts shall be subject to review without an exception thereto.'" (Emphasis supplied.)

As stated, the italicized portion above which was added to old § 260 is the only material change in that section.

In the case at bar, the plaintiff had demanded a jury, but the defendant was in

default, and pursuant to the added proviso, *supra,* plaintiff withdrew his jury demand and the court ascertained his damages without a writ of inquiry to the jury. This appeal seeks to test the constitutionality of the section as amended.

The proposition advanced for a reversal is that Act No. 74, amending old § 260, is unconstitutional as violating that part of § 45 of our Constitution which stipulates that "each law shall contain but one subject, which shall be clearly expressed in its title. * * *" The argument runs that the amendatory matter, rather than having been embodied in § 260, should have been in § 265, Title 7, which provides:

"§ 265. * * * Failure to demand jury, waiver of right.—The failure to demand in writing a jury trial as herein provided shall be deemed and held a waiver of the right to a trial by jury, and either party demanding a trial by jury shall not have the right to withdraw such demand without the consent of the opposite party."

The case has been well argued by able counsel, but we are in disagreement with the contention. No doubt the amendatory matter could well and properly have been placed in § 265, but incorporating it in another section where it is also germane to that section does not make the section bifurcate as to subject matter. As we read old § 260, it related to a subject where the added matter is manifestly immanent therein.

■ The rule is that the title of an act which purports merely to amend a certain section of the Code, cannot, conformably with § 45, add a new and different subject. Dorsky v. Brown, 1951, 255 Ala. 238, 51 So.2d 360; Bertolla & Sons v. State, 1945, 247 Ala. 269, 24 So.2d 23.

But the expression in Kendrick v. Boyd, 1951, 255 Ala. 53, 51 So.2d 694, 696, is particularly applicable here:

"To be sure, the question posed could be a somewhat debatable one were we to enforce with hypercritical exactness the said constitutional prescription [§ 45]; but the rule is to the contrary. The court is committed to the principle that this requirement of the Constitution is 'not to be exactingly enforced or in such manner as to cripple legislation,' but should be accorded a liberal interpretation."

■ The subject of legislation in a proposed statute amending a Code section, identified in the title by the number of the section, is the subject matter of the section to be amended. The amendment incorporated in the new section may deal with any feature of the section to be amended. The test is that the amendment must be germane to the section being amended. When a bill by its title purports to amend a numbered section of the Code, the attention of the legislator is directed to the statute, thus identified, and he may expect the amendment to deal with any feature of the existing section. State ex rel. Farmer v. Haas, 1940, 240 Ala. 30, 196 So. 873. See also State v. Elliott, 1945, 246 Ala. 439, 21 So.2d 310; State ex rel. Farmer v. Haas, 1940, 239 Ala. 16, 194 So. 395; State ex rel. Bates v. Baumhauer, 1940, 239 Ala. 476, 195 So. 869.

In Yeilding v. State, 232 Ala. 292, 296, 167 So. 580, 583, it was declared that "A statute has but one subject, no matter how many different matters it relates to, if they are all cognate, and but different branches of the same subject." See also Ballentyne v. Wickersham, 1883, 75 Ala. 533; Norton v. Lusk, 1946, 248 Ala. 110, 26 So.2d 849.

■ Finally, the oft repeated rule, that the power of striking down a legislative enactment is a delicate one, one to be used with great caution and only when the court is convinced of its unconstitutionality beyond a reasonable doubt. Kendrick v. Boyd, 1951, 255 Ala. 53, 51 So.2d 694; Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810; Tucker v. State, 1935, 231 Ala. 350, 165 So. 249; Smith v. Stiles, 1916, 195 Ala. 107, 70 So. 905.

Applying the above well known canons of constitutional construction to the case in hand, we conclude that § 260 of Title 7, as amended, is not violative of § 45, Alabama Constitution. The subject matter of old as well as amended § 260 is the trial and appellate review thereof of civil proceedings at law by the court. The amendatory matter relates to a trial by the court where the defendant defaults. We regard it, therefore, as germane to old § 260, and as aforesaid it does not contravene § 45 of our Constitution.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.