284 So.2d 279

**In re Howard L. BROOKS**

**v.**

**CRIMSON HOMES, INC., a corporation.**

**Ex parte CRIMSON HOMES, INC., a corporation.**

**Civ. 195.**

Court of Civil Appeals of Alabama.

Oct. 17, 1973.

James F. Berry, Cullman, for appellant.

**253**

Speake & Speake, Moulton, for appellee.

BRADLEY, Judge.

This is a workmen's compensation case.

Howard L. Brooks filed a complaint in the Circuit Court of Winston County alleging injury to his back while in the employment of Crimson Homes, Inc., a corporation. He claims compensation under the Alabama Workmen's Compensation Act for permanent and total disability.

A demurrer and answer was filed on behalf of Crimson Homes, Inc., and, subsequently, a trial was held with a judgment being rendered in favor of Howard L. Brooks.

The findings and conclusions of the trial court tended to reveal the following facts: On August 21, 1969 while employed in the flooring department of Crimson Homes' plant, Brooks slipped, fell and injured his back. At the time of the fall Brooks was assisting in moving a partially completed mobile home into the plant so that electrical work could be done on it. During the movement of the mobile home, Brooks slipped on some loose slag and fell. The foreman was notified of the accident. Later that day Brooks saw a doctor in Decatur, whose preliminary diagnosis was back strain. After x-rays were made, it was determined that a prior "bilateral mass fusion" on Brooks' back had been refractured by the accident of August 21, 1969. The attending physician, who had also performed the previous surgery on Brooks' back, testified that Brooks had completely recovered from the original back surgery.

A refusion of the vertebrae in the spine at the location of the injury was performed and Brooks was placed in a body cast. He remained in the cast about four months.

The doctor stated that Brooks now had a 35% functional loss of his body due to the previous injury and the present one. He stated that Brooks would be unable to resume his plumbing trade or do manual labor.

The evidence showed that Brooks was a man of limited education—he quit school in the seventh grade—and his occupational experience consisted of manual skills and manual labor.

At the time of the hearing in this cause, Brooks was driving a dump truck for the State Highway Department, earning $1.83 per hour, or $.03 per hour more than when he was injured. However, he stated that the jarring caused by riding in the truck resulted in considerable pain and discomfort and he was able to tolerate the pain only because he wore a back brace.

The trial court concluded that both parties to this proceeding were subject to the Workmen's Compensation Act and that Brooks was injured as the result of an accident which arose out of and in the course of his employment. Crimson Homes, Inc. had notice of the accident and injury and paid Brooks compensation benefits for sixty-two weeks, and most of his medical expenses. The court also concluded that Brooks was 75% permanently and partially disabled and fixed his compensation at $9,765.30. Credit was given for the compensation previously paid.

After judgment was rendered for Brooks, Crimson Homes, Inc. filed a motion for new trial which was denied. Thereupon, Crimson Homes filed in this court a petition asking for the issuance of a writ of certiorari to review the judgment awarding compensation and the denial of the motion for a new trial. The writ was issued on April 24, 1973.

Crimson Homes filed six assignments of error but argued only the sixth assignment. Those assignments not argued are considered waived. Sloss-Sheffield Steel & Iron Co. v. Willingham, 29 Ala.App. 569, 199 So. 15.

■ Respondent moves for affirmation of the judgment for failure of petitioner to comply with Supreme Court Rule 1, i. e., the assignments of error did not list the page number where the alleged error occurred.

After the filing of the motion to affirm, but before submission of the matter, petitioner moved for permission to list the page numbers wherein the alleged errors occurred. This motion was granted and the page numbers were inserted beside the assignments of error.

The rule having been complied with prior to submission, the motion to affirm the judgment is denied.

■ The sixth assignment of error suggests that the trial court erred in "assessing the percent of injury done to the claimant." In support of this assignment petitioner argues that respondent's ability to earn has not been impaired as it must be in order for one to be entitled to compensation. It then points out that the trial court made a finding of permanent partial disability to the body as a whole but did not make a finding as to the loss of ability to earn.

Title 26, Sec. 279(c) 6, Code of Alabama 1940, as Recompiled 1958, provides as follows:

"6. All other permanent partial.

"In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty-five percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition subject to the same maximum weekly compensation as stated in section 289 of this title."

The evidence showed that respondent was earning $1.80 per hour at the time he was injured and $1.83 per hour at the time of trial. In its findings of fact, the trial court found that the respondent's average weekly wage at the time of injury was $89.54; however, it did not make a finding as to respondent's ability to earn in his disabled condition.

In B. F. Goodrich Co. v. Martin, 47 Ala.App. 244, 253 So.2d 37, this court said:

" . . . [T]he criteria for determining permanent partial disability for purpose of compensation is not controlled by a finding of physical disability of the body as a whole. Compensation is awarded on the basis of permanent partial loss of ability to earn. Without such finding of fact there can be no award. We emphasize that physical disability may be inextricably involved but not necessarily or exclusively so. The requirements as to the finding of a decreased ability to earn resulting from a compensable nonscheduled injury are ably discussed in Goodyear Tire & Rubber Co. of Alabama v. Downey, 266 Ala. 344, 96 So.2d 278, and Ala. By-Products Co. v. Landgraff, 248 Ala. 253, 27 So.2d 215. We further recommend Larson's Workmen Compensation Law, Vol. 2, Section 57."

In the instant case there was no finding of fact as to the loss of ability to earn, but there was evidence in the record as to the earnings of respondent at the time of his injury, his earnings at the time of trial, his limited education, the limitation of his work experience to manual skills, his constant suffering and pain from the injury, and the prediction by the attending physician that respondent could not do manual labor.

There being no finding in the trial court's judgment of a permanent partial loss of ability to earn, this case must be reversed for there is no basis for the award. It must therefore be remanded to the trial court for the ascertainment of the existence of a permanent partial disability to earn, if there be any.

In arriving at such a determination the trial court might find helpful the following from Larson's Workmen's Compensation Law, Vol. 2, Sec. 57.21, which was quoted with approval in Goodyear Tire & Rubber Co. of Ala. v. Downey, 266 Ala. 344, 96 So.2d 278:

"It is uniformly held, . . . that a finding of disability may stand even when there is evidence of actual post-injury earnings equalling or exceeding those received before the accident. The position may be best summarized by saying that actual post-injury earnings will create a presumption of earning capacity commensurate with them, but the presumption may be rebutted by evidence independently showing incapacity or explaining away the post-injury earnings as an unreliable basis for estimating capacity."

Reversed and remanded.

WRIGHT, P. J., and HOLMES, J., concur.