324 So.2d 776

**The B. F. GOODRICH COMPANY,**
**a corporation**

v.

**William Travis BUTLER.**

**Civ. 451.**

Court of Civil Appeals of Alabama.

May 7, 1975.

Rehearing Denied May 28, 1975.

Jones, McEachin, Ormond & Fulton, Tuscaloosa, for appellant.

Edward F. Morgan, Tuscaloosa, for appellee.

John H. Morrow and Michael H. Mobbs, Birmingham, amici curiae, for United States Pipe and Foundry Company and Stockham Valves & Fittings, Inc.

Thomas, Taliaferro, Forman, Burr & Murray, and Robert G. Tate and A. Brand Walton, Jr., Birmingham, amici curiae, for Associated Industries of Alabama.

Burns, Shumaker & Davis, Gadsden, amici curiae, for Alabama Labor Council, AFL–CIO.

Lanny S. Vines, Birmingham, amici curiae, for Ala. Trial Lawyers Assn.

William J. Baxley, Atty. Gen., and James S. Ward, Asst. Atty. Gen., amici curiae, for the State of Alabama.

HOLMES, Judge.

This is a workmen's compensation case.

The assignments of error of appellant-employer present to this court the following:

(1) There is no evidence of permanent partial disability in that no evidence of post accident capacity to earn was introduced.

(2) Act No. 1062, Acts of Alabama 1973, Vol. III, p. 1750, is violative of § 45 of the Constitution of Alabama.

(3) The trial judge erred to reversal in awarding a lump sum payment without the benefit of allowing appellant an opportunity to be heard on the matter.

(4) Act No. 1062 was not duly enacted into law.

(5) Act No. 1062 is in conflict with other statutory provisions not expressly repealed by Act No. 1062.

(6) The trial court erred in its rulings on certain evidentiary matters.

I

In order to adequately dispose of the first issue raised by appellant-employer, we

find it necessary to set out the facts as revealed by the record in some detail.

Appellee-employee (plaintiff below) is a fifty-five year old manual laborer who has been employed by appellant for over twenty-five years.

On May 3, 1973, appellee injured his back. Appellee testified that injury occurred during work hours at his place of employment while he was attempting to get a jammed tire off a dolly.

Following his injury, appellee went to the employer's dispensary where he filed a report and discussed the matter with a nurse and the company safety supervisor. After receiving some treatment, he went home.

Since May 3, 1973, appellee, apparently a heretofore healthy man, has been in the hospital as a result of his injured back three times. His attempts to return to work have been unsuccessful and he testified he has been in almost constant pain since the accident.

The safety supervisor who discussed the accident with appellee in the dispensary concluded that the accident, however, was nonoccupational, apparently, on the basis of comments of appellee's foreman that appellee had complained of his back prior to the accident.

The testimony of the several doctors who testified reveal that appellee has a 15% to 20% permanent partial disability of the body and that he is 100% disabled insofar as performing a job requiring lifting and manual labor such as he has performed for the last twenty-five years.

Based on the testimony as summarized above and that of other witnesses, the trial judge, after a hearing *ore tenus,* issued a decree on September 17, 1974, finding that appellee had, in fact, suffered a compensable injury from the accident which arose out of and in the course of his employment. The court found that appellee had sustained a permanent partial disability of

75% to his body as a whole. The court awarded appellee compensation figured at 65% of his weekly earning (stipulated to be $272.59) and, accordingly, awarded appellee seventy-two weeks of accrued compensation at $60 a week and an additional two hundred twenty-eight weeks at $60 a week.

The trial court specifically found as follows:

"The Court finds that plaintiff has no earnings at the time of the trial and has not had any earnings from his employment since January 14, 1974, and that his practical ability to obtain work which he is qualified to do has been severely limited if it is not nil."

Pursuant to a petition filed by appellee, under authority of Tit. 26, § 279(c)(9), Code of Ala.1940, the court ordered that appellant pay the two hundred twenty-eight remaining weeks of compensation to appellee in a lump sum within thirty days. This petition was filed the same day the decree was entered.

As already noted, the first issue raised is to the court's finding of 75% disability in the absence of any evidence on post accident capacity to earn.

Appellants' contention is based on Tit. 26, § 279(c)(6), Code of Ala.1940 (Recomp.1958), which reads as follows:

"In all other cases of permanent partial disability not above enumerated, the compensation shall be sixty-six and two-thirds percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition subject to the same maximum weekly compensation as stated in section 289 of this title."

In interpreting this statute this court made the following statement in *B. F.*

*Goodrich Company v. Martin,* 47 Ala.App. 244, 251, 253 So.2d 37, 44:

"It is thus clear under the statute and decisions of our appellate courts hereinafter cited, that the criteria for determining permanent partial disability for purpose of compensation is not controlled by a finding of physical disability of the body as a whole. Compensation is awarded on the basis of permanent partial loss of ability to earn. Without such finding of fact there can be no award. We emphasize that physical disability may be inextricably involved but not necessarily or exclusively so. The requirements as to the finding of a decreased ability to earn resulting from a compensable non-scheduled injury are ably discussed in *Goodyear Tire & Rubber Co. of Alabama v: Downey,* 266 Ala. 344, 96 So.2d 278, and *Ala. By-Products Co. v. Landgraff,* 248 Ala. 253, 27 So.2d 215. We further recommend Larson's Workmen Compensation Law, Vol. 2, Section 57."

See also *Brooks v. Crimson Homes, Inc.,* 51 Ala.App. 252, 284 So.2d 279.

We note that in both of these cases relied upon by able counsel for employer, *B. F. Goodrich v. Martin, supra,* and *Brooks v. Crimson Homes, Inc., supra,* there was no finding of fact by the trial judge as to the employee's ability to earn. Here, as seen from the above quoted decree, there is such a finding—that being that his practical ability to obtain work which he is qualified has been severely limited, if not nil.

■ The question then becomes, is there evidence to support such a finding by the trial court, which is, in effect, a finding of total disability. We believe there is such evidence.

The testimony of appellee's wife reveals that appellee is now unable to do ordinary jobs around the house since the accident. Before the accident, appellee was a full time preacher. His wife testified that he now continues to preach "fairly regular." However, she also testified that other than preaching he now does no other work. She also made the following pertinent observation:

"He has always been used to working and he hasn't been able to since then."

Dr. Sam Davis, physician who treated appellee following his injury, testified that at his insistence appellee attempted to return to work on one or two occasions and that "each time had to stop because the pain became more severe." Dr. Davis further testified that appellee is not able to do the type work he had done in the past, and didn't think he could do manual labor.

Appellee testified that the pain, located at about the back of his beltline, which resulted from the injury, had never stopped hurting since the accident. He testified that he was almost constantly in pain. On his attempts to return to work, appellee testified he had been in pain and that his coworkers had done most of his work. Appellee further testified that anything he does in a strenuous way hurts him. Additionally, he indicated he now receives help from others in conducting his church services.

A doctor testifying in behalf of the appellant further testified that as to heavy manual labor the extent of appellee's disability was 100%.

We also particularly note that appellee was fifty-five years old at the time. He had been employed by appellant over twenty-five years and, according to his own testimony, had never lost any time from work due to back injury before his accident of May 3, 1973.

■ This court has held that " . . . total disability within the Workmen's Compensation Act does not mean absolute helplessness or entire physical disability, but means inability to perform the work of one's trade or inability to obtain reasonably

gainful employment." *Dale Motels, Inc. v. Crittenden,* 50 Ala.App. 251, 278 So.2d 370, quoting from *Brunson Milling Co. v. Grimes,* 267 Ala. 395, 103 So.2d 315.

■ Thus, a finding of total disability is supported by the evidence and therefore supports award of permanent partial disability. For even though the court's award of compensation is based upon a percent of permanent partial disability, such finding is not injurious to appellant. *Misco, Inc. v. Driver,* 50 Ala.App. 256, 278 So.2d 374.

Thus, we find no reversible error.

## II

■ Able counsel for appellant forcefully argues in brief that the title to Act No. 1062 is violative of § 45 of the Constitution of Alabama in that the title to said act did not clearly express the subject of the act and, accordingly, that Tit. 26, § 279(c)(9), Code of Ala.1940, providing for the lump sum payment is unconstitutional.

Appellee contends that appellant is attempting to raise the issue of unconstitutionality for the first time on appeal and that appellate courts will not consider the constitutionality of an act not raised in the lower court, citing *Gardner v. Stevens,* 269 Ala. 213, 111 So.2d 904.

Before reaching the question of the constitutionality of the act in question, we first must dispose of appellee's contention that this matter cannot be raised for the first time on appeal.

In *State ex rel. Knox v. Dillard,* 196 Ala. 539, 72 So. 56, our supreme court made the following statement:

"Where the determination by this court of questions involving matters of public concern cannot be had without the consideration and decision of the constitutional validity of enactments, this court must, in the discharge of its grave duty in that regard, take account of such questions, whether raised or argued in the lower courts or not, and decide them, provided the complaining party manifests his good faith and diligence by affording the essential data to advise the court in the premises and to relieve it of the burden of itself making a search of the journals to ascertain the true status of the subject of his complaint. . . ." (196 Ala. at 549, 72 So. at 60)

We find this determination of the constitutionality of the statute to be a vital matter of public concern, as evidenced both by the number of *amicus curiae* briefs filed with this court on the subject and also by the fact this is the second time in recent months we have been confronted with an attack on the constitutionality of the act. Accordingly, we feel compelled to decide this issue, even though it was not raised below.

Article 4, § 45, Constitution of Alabama 1901, reads as follows:

"Sec. 45. The style of the laws of this state shall be: 'Be it enacted by the legislature of Alabama,' which need not be repeated, but the act shall be divided into sections for convenience, according to substance, and the sections designated merely by figures. Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length."

Much has been written concerning § 45; the most recent being *Bagby Elevator and Electric Co., Inc. v. McBride,* 292 Ala. 191, 291 So.2d 306. A detailed statement of the law need not be set out here as the reader may find this in *Bagby, supra,* and *Knight v. West Alabama Environmental Imp. Authority,* 287 Ala. 15, 246 So.2d 903.

In fact, in *Bagby, supra,* one can find an opinion, several concurring opinions, and various dissents relating to this area of the law.

■ Suffice it to say that the following statement in *Bagby, supra,* made by Mr. Justice Jones can hardly be quarreled with:

". . . There are many cases on this point and the results are varied. This Court has stated that it is difficult to lay down a fixed and definite rule that will mark the line between what is and what is not violative of this Section, *Lovejoy v. City of Montgomery,* 180 Ala. 473, 61 So. 597 (1913), and that each case must necessarily rest upon its own bottom. Adjudicated cases serve as illustrations only, and are helpful, but are only controlling when they are *closely* analogous. *Spurlock v. J. T. Knight & Son,* 246 Ala. 33, 18 So.2d 685 (1944)." (292 Ala. at 195, 291 So.2d at 309.)

■ Additionally, the following statement from *Opinion of the Justices,* 275 Ala. 254, 154 So.2d 12, was quoted with approval by Mr. Chief Justice Heflin in *Knight, supra,* which is illuminating.

" '(3) However, this court is committed to the principle that this requirement as to clear expression of the subject of a bill in the title is not to be exactingly enforced in such manner as to cripple legislation, or is it to be enforced with hypercritical exactness, but is to be accorded a liberal interpretation. *Kendrick v. Boyd,* 255 Ala. 53, 51 So.2d 694; *Taylor v. Johnson,* 265 Ala. 541, 93 So.2d 143.' " (287 Ala. at 22, 246 So.2d at 908)

In this instance we deem it necessary to set out the title to Act No. 1062 as proposed:

"To amend Section 257, subsection (d) of Section 262, Sections 263, 269, 270, 271, 272, 273, 277, 279, 280, 283, 285, 286, 289, 292, 293, 301, paragraphs (2), (4) and (5) of Section 309, Sections 312 and 324, all being of Chapter 5, Title 26, Code of Alabama 1940, as last amended, Sections 4, 6, 7, and 12 of Act No. 180, adopted at the 1951 Regular Session of the Legislature of Alabama, as last amended, Sections 3, 5, 6, and 11 of Act No. 521, adopted at the 1967 Regular Session of the Legislature of Alabama, as last amended, and Sections 3, 5, 6, and 11 of Act No. 668, adopted at the 1971 Regular Session of the Legislature of Alabama, as last amended, and to repeal Sections 255, 256, 274, 275, 276, all being of Chapter 5, Title 26, Code of Alabama 1940, as last amended, Sections 5 and 8 of Act No. 180, adopted at the 1951 Regular Session of the Legislature of Alabama, as last amended, Sections 4 and 7 of Act No. 521, adopted at the 1967 Regular Session of the Legislature of Alabama, as last amended, and Sections 4 and 7 of Act No. 668, adopted at the 1971 Regular Session of the Legislature of Alabama, as last amended, relating to providing compulsory coverage of subject employers and employees, extending coverage to common carriers but specifying certain persons not to be employees of common carriers, allowing elective coverage of farmers, providing immunity under certain circumstances from suits to co-employees, to workmen's compensation insurance carriers of employers and to persons or companies making certain safety inspections, extending the presumption of dependency to include husbands, increasing the maximum and minimum weekly compensation payable, extending the maximum number of weeks payable for permanent total disability and for death, increasing the amount payable for burial expense, reducing the number of days of disability required before compensation is payable for the waiting period, providing for a penalty for late payments of compensation, increasing medical benefits and extending the period during which such benefits are payable, specifying coverage of physical rehabilitation as a medical benefit, providing for a change of physician un-

der certain circumstances, increasing the basis of calculation whereby an employer may be discharged from the payment of future installments of compensation, providing for additional reports to be filed with the Department of Industrial Relations, authorizing the Director of Industrial Relations to require self-insured employers to post bond or securities and to prescribe other rules and regulations regarding self-insurance, providing for the applicability of and effect of Articles 1, 2 and 3 of Chapter 5, Title 26, Code of Alabama 1940, as amended, providing for penalties for the failure to secure compensation liability and for failure to file reports, permitting the parties to agree as to the intervals at which certain benefits shall be paid, and appropriating $47,000 for the fiscal year beginning October 1, 1973, and ending September 30, 1974, and $46,000 for the fiscal year beginning October 1, 1974, and ending September 30, 1975, out of the general fund of the State Treasury to the Department of Industrial Relations for carrying out the purpose of this Act, all relating to the Workmen's Compensation Law, Articles 1, 2, 2A, 2B, 2C, and 3 of Chapter 5 of Title 26 of the Code of Alabama 1940, as last amended, pertaining to compensation of employees by employers for job-related injuries and certain illnesses and diseases."

■ As the supreme court stated in *Bagby, supra,* in summarizing several cases, the object of § 45 is as follows:

" . . . This Court, in dealing with the requirement that the subject be 'clearly expressed in the title,' has identified three objectives of Section 45:

" 'The object of the constitutional provision has been held to be three fold, first, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, and in order that they may have the opportunity of being heard thereon, by petition or otherwise, if they shall so desire; second, truly to inform members of the legislature who are to vote upon the bill, what the subject of it is so that they may not perform that duty, deceived or ignorant of what they are doing; and third, to prevent the practice of embracing in one bill several distinct matters, none of which, perhaps could singly obtain the assent of the legislature, and then procuring its passage by a combination of the minorities in favor of each of the measures, into a majority that will adopt them all. *Lindsay v. United States Savings & Loan Ass'n,* 120 Ala. 156, 24 So. 171, 42 L.R.A. 783; *Walker v. Griffith,* 60 Ala. 361.' *State v. Hester,* 260 Ala. 566, 72 So.2d 61 (1954)."

(292 Ala. at 194, 291 So.2d at 308)

To this court, the issue as presented is whether the act contained one subject which was so clearly expressed in its title as to satisfy the aforementioned objectives set out by the supreme court.

To this court, keeping in mind our Chief Justice's remarks in *Knight, supra,* as quoted above, the title to the act in question, while certainly not a paragon of clarity, does meet minimum standards so as not to be violative of § 45.

It is clear that the title informs even the casual reader what code sections in general are to be amended. Furthermore, that all such amendments relate to workmen's compensation.

■ To adopt appellant's argument that the title to Act No. 1062 does not clearly express the subject matter contained in Subsection (c)(9) of § 279 of Tit. 26, i. e., the lump sum compensation, is to argue that a title must contain an index to the bill. This is not the law nor, as we perceive it, should it be.

While there can be no doubt that under our system the judiciary is a coequal

branch of government, we must always be ever conscious of the conditions and pressures that are sometimes more prevalent in the legislative and executive than in the judiciary. The legislature of this state, as anyone who has been directly involved knows, does not work and labor in the quiet of an office and at its own pace as does the appellate judiciary. This is as it should be but the judiciary must not, in looking at legislative enactments, use a standard that the legislature is, in a practical and realistic sense, incapable of complying with.

As Mr. Justice Maddox states in his dissent in *Bagby, supra*, the judiciary must not infringe upon the prerogatives of the legislature. We should not make such a microscopic examination so as to view legislation with "hypercritical exactness."

### III

The third issue raised by appellant is that the trial judge erred in not giving appellant notice of appellee's petition under Tit. 26, § 279(c)(9), Code of Ala.1940, prior to entering his final decree.

This section reads as follows:

"In case of an injured employee whether permanent, partial, or however injured, or death of an employee, and only in such cases as are presented to the court by petition the circuit judge with competent jurisdiction may decide how the compensation shall be paid to the injured employee or his estate upon a final settlement or judgment whether by a trial or by agreement. In cases pending in payment at the time this Act becomes law [September 17, 1973] the *injured employee* or his estate *may petition a court of competent jurisdiction* and *the court may order* the employer to pay the amount due the employee or his estate within thirty (30) days from the date of said order if the court determines that moneys due the employee or his estate shall be paid in a lump sum.

The payments shall not be commuted." [Emphasis added]

As we read this section, there is no requirement for notice to be given the employer prior to issuing his decree. The amount of compensation due having already been decided, it is then up to the judge, upon proper petition by the employee and applying a standard of reasonableness to determine whether the employee shall receive the money due in a lump sum.

While it would be better practice for the trial judge to give all concerned an opportunity to be heard and for the employee to inform the employer that he seeks a lump sum compensation, such practice is not mandated by the statute. There could possibly be a situation in which a trial judge abuses his discretion in allowing a lump sum compensation, but such is not the case here. We note that the proposed decree was submitted to both counsel prior to its rendition and no objection was made by either party.

### IV

Appellant next contends that Act No. 1062, Acts of Alabama 1973, Vol. III, p. 1750, was not duly enacted into law and is therefore invalid.

Appellant contends that the Act No. 1062 as signed by the Governor was not the act as passed by the legislature. The proposed bill contained an amended § 312 to Tit. 26. Appellant contends that even though this amended section was deleted by an amendment from the floor of the Senate, the bill as signed into law by the Governor contained the amended section. Thus, appellant contends the entire Act No. 1062 is invalid because of a material variance between the enrolled bill which was signed by the Governor and the bill as actually passed by the legislature.

We have examined the bill as actually passed by the legislature and the enrolled

bill actually signed by the Governor, thanks to the invaluable aid and assistance of the Honorable McDowell Lee, Secretary of the Alabama Senate and also Mrs. Jones of the Department of Archives and History.

The amendment which appellant's contentions are based on as deleting the enrolled § 312 reads as follows:

"Deleting § 27 *amending § 36* of Title 26 as it appears on page 29 and renumber the remaining sections." [Emphasis added]

■ This issue was not raised in the trial court. Issues not raised below will not be considered for the first time on appeal. *Penn Mutual Life Ins. Co. v. State,* 223 Ala. 332, 135 So. 346.

However, for whatever benefit it might be, we make the following observations:

■ Even assuming that the Governor signed an enrolled bill containing a section deleted by the legislature, which we believe to be the case, we do not find the entire Act No. 1062 invalid.

Said act contains the following section:

"Section 45. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains."

Our supreme court made the following pertinent comments concerning the interpretation of statutes containing severability clauses in *Hamilton v. Autauga County,* 289 Ala. 419, 268 So.2d 30:

"'* * * If after the deletion of the invalid part, the remaining portions of an Act are complete within themselves, sensible, and capable of execution, the Act will stand notwithstanding its partial invalidity. *Springer v. State ex rel. Williams,* 229 Ala. 339, 157 So. 219.' *Wilkins v. Woolf,*

281 Ala. 693, 697, 208 So.2d 74, 78. 18 Ala.Digest, Statutes, ☞64(1).

.    .    .    .    .    .

"One of the specific provisions of the Act is a severability clause providing that, 'If any part of the Act is declared invalid or unconstitutional, such declaration shall not effect that part which remains.'

"This court has recently expressed the rule as to separability clauses in *Allen v. Walker County,* 281 Ala. 156, 162, 199 So.2d 854, 860 (1967):

"'We recognize that a separability clause shall be given effect, where possible, to save legislative enactment (*Alabama State Fed. of Labor v. McAdory,* 246 Ala. 1, at p. 25, 18 So. 2d 810), that is if the invalid portion is not so intertwined with the remaining portions that such remaining portions are rendered meaningless by the extirpation, in which event it must be assumed that the legislature would not have passed the enactment thus rendered meaningless. *Ward v. State ex rel. Lea,* 224 Ala. 242, 139 So. 416.'

"We do not think the invalid portions of the Act were so intertwined with the remaining portion so 'that such remaining portions are rendered meaningless by the extirpation * * *.'

"We further recognize that,

"'* * * [W]here a statute is thus partly infected with invalidity * * * the severable or saving clause thereof * * * is persuasive to the judicial mind the legislature intended that should the invalid portion be stricken, the valid part should survive. *State ex rel. Clarke v. Carter,* 174 Ala. 266, 56 So. 974; *State [ex rel. Crumpton] v. Montgomery,* supra [177 Ala. 212, 59 So. 294]; *Opinion of the Justices,* 247 Ala. 195, 23 So.2d 505; *Williams v. Standard Oil Co. of Louisiana,* 278 U.S. 235, 49 S.Ct. 115, 73 L.Ed. 287, 60 A.L.R. 596.' *Newton v. City of Tus-*

*caloosa,* 251 Ala. 209, 218, 36 So.2d 487, 493 (1948)."

(289 Ala. at 42, 426, 427, 268 So.2d at 35, 36, 37)

Applying these principles to the act under question, we do not think that alleged invalidity of § 312 is such as to require overturning the entire act. The act contains forty-seven sections, forty-four of which amend or add to the existing legislation regarding workmen's compensation. The fact that one section is infirmed, dealing with a subject matter not necessarily affecting the other forty-three sections, does not invalidate the other sections, when there is present a severability clause.

## V

Appellant next contends that Tit. 26, § 279(c)(9), is in conflict with other statutory provisions not expressly repealed by it, to wit, Tit. 26, § 299. Section 299 provides for a lump sum payment by agreement of the parties and that such payments be commuted. As already noted, § 279(c)(9) provides for lump sum payment without commutation on petition of the employee alone.

Appellant contends that these two sections should be construed together to give both a field of operation. He suggests that lump sum payments under § 279(c)(9) be allowed only in those cases where payment is already progressing in periodic installments, and that § 299 be applicable in cases not yet in the payment state. Thus, appellant interprets the phrase "pending in payment" to mean cases already in payment at the time the act became law.

We reject appellant's argument. This court recently held in *Ex parte Mar-Mil Steel and Supply Company,* 54 Ala. App. 432, 309 So.2d 471 (1975), that § 279 (c)(9) does *not* apply to judgments already in the payment state at the time of its passage.

In construing a statute, every word in each section must be given effect, if possible, and construed with other sections in *pari materia. Carroll v. Alabama Public Service Commission,* 281 Ala. 559, 206 So.2d 364.

Statutes should be resolved in favor of each other when possible so as to form one harmonious plan. *State v. Community Blood and Plasma Service, Inc.,* 48 Ala.App. 658, 267 So.2d 176.

A statute must be construed in harmony with statutes existing at the time of its enactment, so far as applicable. *Gulf States Steel Co. v. Justice,* 204 Ala. 577, 87 So. 211.

Each statute, if possible, should be afforded a field of operation. *Williams v. City of Dadeville,* 35 Ala.App. 319, 46 So. 2d 427.

Applying these rules of construction to § 279(c)(9) and § 299, this court is of the opinion these statutes should be read together so as to provide for alternative methods of seeking lump sum compensation. We, accordingly, find no conflict between these statutes.

## VI

The last issue before this court is the contention by appellant that the trial court erred in overruling the appellant's motion to exclude the following answer of appellee's wife:

"A. When I came in from work around eleven o'clock, he was on the bed and I asked him what was wrong and he said he hurt his back that day."

Appellant contends that one of its defenses at the trial was that the injury did not occur from an accident arising out of and in the course of appellee's employment inasmuch as appellant alleges the appellee was complaining of pain in his back prior

to the injury. Thus, appellant contends the answer of appellee's wife was offered to prove the truth of the matter asserted.

We do not find the failure by the trial judge to exclude this answer reversible error.

Our supreme court has held that testimony apparently illegal upon admission may be rendered prejudicially innocuous by subsequent legal testimony to the same effect or from which the same facts can be inferred. *East Alabama Exp. Co. v. Dupes,* 271 Ala. 504, 124 So.2d 809.

It is also true that error must be prejudicial to be reversible. *Barran v. Roden,* 263 Ala. 305, 82 So.2d 398.

We find no reversible error here inasmuch as there was subsequent legal evidence introduced to support appellee's claim that he injured his back at work. Supreme Court Rule 45. Additionally, we note that in appellant's cross-examination of this witness—appellee's wife—the following question and answer exchange took place.

"Q. Not a thing. Did he tell you it happened at the plant?

"A. Yes, sir, he said when I came in that night, I asked him what was wrong and he said 'I hurt my back today at the plant'. That is what he said."

All argued assignments of error having been considered, it is the opinion of this court that this case is due to be and is, therefore and accordingly, affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.

## ON REHEARING

HOLMES, Judge.

Able and distinguished counsel for appellant, in his application for rehearing, points out that this court inadvertently quoted the present Tit. 26, § 279(c)(6), Code of Ala., when, in fact, the appropriate Code section in this case is Tit. 26, § 279(c)(6), as it existed prior to the 1973 amendment. He is correct.

Tit. 26, § 279(c)(6), on page 780 of our opinion should read as follows:

"In all other cases of permanent partial disability not above enumerated, the compensation shall be sixty-six and two thirds percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition subject to the same maximum weekly compensation as stated in section 289 of this title."

Opinion extended; application for rehearing overruled.

WRIGHT, P. J., and BRADLEY, J., concur.