177 So. 905

## TENNESSEE COAL, IRON & R. CO. v. STATE.

### 6 Div. 233.

Supreme Court of Alabama.

Nov. 26, 1937.

Rehearing Denied Jan. 13, 1938.

Benners, Burr, McKamy & Forman and Frontis H. Moore, all of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., Wm. H. Loeb, Asst. Atty. Gen., L. H. Ellis, of Columbiana, H. L. Anderton, of Birmingham, and E. C. Boswell, of Geneva, for the State.

ANDERSON, Chief Justice.

This is a suit by the State of Alabama against the appellant, the Tennessee Company, for the recovery of the gross receipts tax for a period of the two months during which the Gross Receipts Tax Act exist-ed. Acts, Sp.Sess.1936–37, p. 1. It is not contended that this appellant would not be liable for the tax in question under schedule (155.4A) as set out in section 1 of the Act Special Session 1936–37, p. 1, if not excepted by section 5 of said act (page 2).

Section 5 of said act expressly provides that said schedules 155.4A and 155.4B shall not apply to certain articles and businesses therein enumerated among those dealt with in schedules 91 and 92 of section 348 of the General Revenue Law, Acts 1935, p. 475. Schedules 91 and 92 provide for a tonnage or severance tax of so much per ton on coal and iron ore mined, though designated as a "license or privilege tax," and which may be a proper designation. It is manifest, however, that the Legislature intended to exempt or except from the gross receipts tax the articles or commodities dealt with in schedules 91 and 92, but not a chain of stores or another independent business operated by mining companies. We think the only reasonable meaning of section 5 in the reference to schedules 91 and 92 was to except the sale of coal and iron ore from the gross receipts tax because they bore the burden of the privilege or tonnage tax and not to except the owners and operators of mines who also engaged in the general merchandise business. We think to hold that persons or corporations engaged in owning and conducting a chain of general merchandise stores are excepted from the gross receipts tax simply because also engaged in mining coal and iron ore would be so literal and technical as to violate the plain and manifest intent of the lawmakers and tend to convict them of discriminating in favor of one class of merchants against another. The spirit and not the letter should prevail when the latter would lead to an injustice or absurdity. Thompson v. State, 20 Ala. 54; Cocciola v. Wood-Dickerson Supply Co., 136 Ala. 532, 33 So. 856.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.