On August 23, 1988, Dandy's Discount Package Store and other package store owners (Dandy's), individually and as representatives of a class, filed a complaint against James M. Sizemore, Jr., as commissioner of revenue for the state of Alabama. The complaint was later amended to add the state of Alabama. Dandy's requested that the trial court enter a judgment declaring that privately owned package stores are not required to collect sales tax on the then 48% (now 52%) excise tax on liquor, which the Alabama Alcoholic Beverage Control Board stores are not required to do. It also alleged that the Alabama Department of Revenue (department) should be required to refund all excessive taxes improperly collected from Dandy's and all members of the class and to pay a reasonable attorney's fee "from any amount ordered refunded to the class."
The trial court granted class certification and awarded refunds to sixteen privately owned package stores from a class of over three hundred, none of whom were the named plaintiffs, in the total amount of $38,003.53. It denied all other refunds where the customers who paid a sales tax could not be identified, finding that it would be unjust enrichment to allow a retailer who collected the sales tax from a customer to benefit from a refund. Dandy's appealed from the order. Sizemore cross-appealed as to the certification of the class, but did not cross-appeal as to the refunds awarded. The trial court later entered an order awarding Dandy's attorneys a fee of $200,000. Sizemore appealed from that order, and the cases have been consolidated. We affirm in part, reverse in part and remand.
At the outset we note that the question of whether privately owned package stores can be required to collect sales tax on the liquor tax portion of the sales price on retail sales was answered in State Department of Revenue v. B B Beverage,Inc., 534 So.2d 1114 (Ala.Civ.App. 1987). In B B, this court determined that privately owned package stores could not be required to collect the sales tax when the state stores are not required to do so.
Dandy's contends that it is due a refund on the total amount of excessive taxes improperly collected from it, because, it claims, the department illegally required it to collect sales tax on the liquor tax and failed to inform it in writing that pursuant to B B it was no longer required to *Page 1372 
collect the tax. Dandy's further claims that, because it would be subject to penalties if it did not remit the taxes it collects from its customers, it is the taxpayer for purposes of a refund on overpayment. We disagree.
Dandy's is not the ultimate consumer, and the retail sales tax is a tax on the ultimate consumer. State v. T.R. MillerMill Co., 272 Ala. 135, 130 So.2d 185 (1961). In Ross Jewelers,Inc. v. State, 260 Ala. 682, 690, 72 So.2d 402 (1953), the Supreme Court of Alabama stated that it would be an "unjust enrichment" to allow Ross Jewelers to be the beneficiary of excess sales taxes collected from its customers and remitted to the State Department of Revenue. Because it was not possible to refund the excess sales taxes to the parties who paid them, the excess collections in Ross were determined to belong to the state. We likewise find in the present case that the excess collections belong to the state.
In addition, § 40-23-26(d), Ala. Code 1975, which provides for a sales tax, states as follows: "In the event that any sum is collected from a consumer that purports to be collected because of this section, whether or not the amount is actually providedfor hereunder, then any such sum . . . shall be paid to the department of revenue for the purposes provided in section40-23-35." (Emphasis supplied.) The purpose of the section as stated in the preamble to the amending act is "to provide that any over collection of sales tax by a retailer from the customer is paid over to the state and not retained by the retailer as a windfall. . . ." Therefore, in the present case we find that the trial court was correct in determining that sales taxes collected from customers were not to be refunded to Dandy's.
In his appeal, Sizemore contends that the trial court erred in awarding $200,000 in attorney fees because, he claims, class certification was in error and because the case resulted in a common fund of only $38,003.53. Sizemore points out that the fee awarded equals $640 an hour for 311.3 hours and included fifty hours of travel time. He refers to Brown v. State,565 So.2d 585 (Ala. 1990), for a discussion of the factors to be considered as guidelines in determining a reasonable fee.
Brown sets out the criteria to be applied in determining the amount of an award of an attorney's fee in a case where there was no monetary award. However, a threshold question to be determined is whether the present action qualifies for an award of a fee that does not derive from a common fund.
In awarding attorney's fees, Alabama courts follow the "American Rule," which is that fees may be recovered only where authorized by statute, when provided in a contract, or by special equity, such as where the efforts of an attorney create a fund from which fees may be paid. Reynolds v. First AlabamaBank of Montgomery, 471 So.2d 1238 (Ala. 1985); Bell v.Birmingham News Co., 576 So.2d 669 (Ala.Civ.App. 1991). However, where litigation results in a benefit to the general public, or renders a public service, an award of attorney fees is justified, even if there is no common fund from which fees could be paid. Brown, 565 So.2d 585.
In the present case we find that the award of attorney fees in the amount of $200,000, when the common fund is only $38,003.53, is not justified. Although this action was filed requesting a declaratory judgment declaring that Dandy's was not required to collect sales tax on the liquor tax, that question had been resolved previously in B B, and the present case evolved into an action only for the refund of taxes. Members of the class could have qualified for refunds by following the refund procedure in § 40-1-34, Ala. Code 1975, prior to the institution of the lawsuit. This would have given the department an opportunity to grant refunds where applicable. In addition, we note that the benefit to the general public is relatively insignificant. Only a very small number of the class members (sixteen out of over three hundred) received a refund and benefited from the action.
Dandy's argues that the class action was needed so that members of the plaintiff class would be notified of the decision in B *Page 1373 B because, it claims, the department failed or refused to notify liquor store owners that they were no longer liable for the tax. However, this fact is disputed in the record. Although affidavits were filed by two owners of package stores, stating that they had never received notification that they were no longer required to collect sales tax on the entire selling price of a bottle of liquor, at a hearing before the trial court on December 12, 1989, Sizemore's attorney stated that "[t]hey all had notice of the B B decision and the fact thatB B was pending because every one who had the sales tax number was corresponding with the department or calling the department or wanting to know. Our sales tax department chief sent out a memorandum notifying each private package store owner of the change in procedure after the B B decision that they would no longer be collecting the sales tax on top of the liquor tax in accordance with the B B decision." The head of the sales and use tax division of the department also testified by affidavit that the department has not required Dandy's to collect sales tax on the total liquor price since the decision in B B.
Based on the above, we find that the service rendered by Dandy's attorneys was not of the type to justify the attorney fees that were awarded; that is, it did not result in a benefit to the general public as provided in Brown. We, therefore, pretermit as unnecessary a discussion of the criteria to be applied in determining the reasonableness of the fee. This case is due to be remanded for a reconsideration of the attorney fees to be awarded from the common fund.
In view of the above, we also pretermit as unnecessary a discussion of the department's cross-appeal regarding class certification, in which the department states that it objects to class certification because it resulted in an award of excessive attorney's fees.
The judgment of the trial court is due to be affirmed in part and reversed in part; and the cause is remanded with instructions to reconsider the amount of attorney's fees to be awarded from the common fund.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.